IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS L. ALLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25 C 4965 |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE CO., COPART, INC., JOSEPH ) | |
| P. CARLASARE, ANNA KAZAZ, MARC L. ) | |
| STRODULSKI, and JOHN/JANE DOE ) | |
| AGENTS 1-10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Travis Allison was involved in a car accident on July 11, 2022, and his 2018 Jeep Compass was declared a total loss as a result. Allison has sued State Farm Mutual Automobile Insurance Co., CoPart, Inc., four attorneys, and unknown State Farm agents based on their alleged actions after the accident related to his Jeep and possessions inside it. CoPart has moved to dismiss based on claim preclusion; the other defendants have not yet been served with process. CoPart's argument for dismissal, the Court concludes, applies equally to all the other defendants. For the reasons discussed below, the Court dismisses Allison's claims in their entirety.

### Background

In considering CoPart's motion to dismiss, the Court accepts the facts in Allison's complaint as true, *see O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th

Cir. 2018), and takes judicial notice of facts and rulings in public state court documents from four cases Allison filed in the Circuit Court of Cook County, Illinois, *see Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012).

On April 20, 2023, Allison filed his first complaint against State Farm in the Circuit Court of Cook County, Law Division, asserting claims related to a July 11, 2022 car accident. Def.'s Mot., Ex. A. On April 24, 2023, Allison filed another complaint against State Farm in the Circuit Court of Cook County, Third Municipal District, asserting similar causes of action and seeking similar relief. Def.'s Mot*.,* Ex. B. The court dismissed Allison's second complaint because it was duplicative of the first complaint. *Id*. On August 31, 2023, Allison's first case was dismissed for want of prosecution. Def.'s Mot., Ex. A. On October 13, 2023, Allison filed another complaint, in the Circuit Court of Cook County, Third Municipal District, again asserting similar causes of action and seeking similar relief. Def.'s Mot., Ex. C. This time Allison named State Farm, CoPart, and Carmax Auto Superstores, Inc. as defendants. *Id*. On January 3, 2024, the court dismissed Allison's third complaint for want of prosecution. *Id.*

Allison filed his fourth and last state court complaint on August 20, 2024. Def.'s Mot., Ex. D. Allison named as defendants State Farm and Irene Ramos, the driver of the vehicle that collided with him, and he based his claims on actions that he alleged State Farm and its representatives took after the July 2022 accident. *Id.* Allison asserted claims for: (1) negligence, (2) conversion, (3) breach of bailment contract, (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, (5) unauthorized practice of law, (6) breach of fiduciary duty, and (7) negligent misrepresentation. *Id.* Allison alleged that State Farm, his insurer, maintained

2

possession of his Jeep immediately following the collision and refused to release it or any interest in it to him despite multiple requests. *Id.* at ¶ 14. Allison further alleged that State Farm did not allow him to retrieve his personal belongings from his Jeep after the accident and declared his vehicle a total loss without his consent or authorization. *Id.* at ¶ 15.

Allison's allegations extended to "multiple representatives of State Farm". *Id.* at ¶ 19. Allison alleged that these representatives contacted him to obtain a power of attorney but that he never provided one. *Id.* Still, according to Allison, State Farm acted as though it possessed the legal authority to handle matters related to his vehicle. *Id.* at ¶¶ 19–20. He also alleged that State Farm's representatives misrepresented their authority and the status of his Jeep, leading him to believe that his interests were being appropriately handled. *Id.* at ¶ 48. State Farm moved to dismiss Allison's claims. Def.'s Mot., Ex. E. On May 8, 2025, the court dismissed Allison's claims against State Farm with prejudice. Def.'s Mot., Ex. D at 1.

On June 30, 2025, Allison, representing himself, filed his complaint in the present case. He named as defendants State Farm, CoPart, several attorneys, and unknown State Farm agents. Allison alleges that his Jeep was towed and stored after the July 2022 accident pending a third-party claim through State Farm. He also alleges that State Farm and CoPart took possession of his Jeep and declared it a total loss without his authorization. Allison further alleges that the attorney defendants abused the legal process and led him to believe his interests were being adequately represented. Finally, he alleges the unknown State Farm agents participated in unlawful handling, storage, conversion or concealment of his vehicle and property he left in the vehicle.

3

Allison asserts six claims against CoPart and State Farm: (1) conversion; (2) fraudulent misrepresentation; (3) civil RICO; (4) conspiracy to conceal evidence; (5) intentional infliction of emotional distress; and (6) violation of the Illinois Consumer Fraud Act. Allison also asserts the conversion, conspiracy to conceal evidence, and intentional infliction of emotional distress claims against the unknown State Farm Agents. Allison asserts five claims against the attorney defendants: (1) fraudulent misrepresentation; (2) civil RICO; (3) abuse of process; (4) civil conspiracy to conceal evidence; and (5) intentional infliction of emotional distress.[1]

CoPart has moved to dismiss based on claim preclusion.

## Discussion

To survive the motion to dismiss, Allison must allege "enough facts to state a claim to relief that is plausible on its face." *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 342 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

CoPart argues that Allison's claims are barred by the doctrine of claim preclusion based on the four lawsuits he previously filed in the Circuit Court of Cook County. Claim preclusion is an affirmative defense. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). A plaintiff is not required to anticipate or plead around affirmative defenses in his complaint. *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). But "when it is clear from the face of the complaint, and matters of which the

---

[1] Allison names only Joe Carlasare, Anna Kazaz, and Marc Strodulski in his case caption, but he includes John Hudson, another attorney who allegedly represented State Farm, under the "Parties" section of his complaint. Strodulski is not named in the civil RICO count; Hudson is not named in any of the counts. Still, based on the body of Allison's complaint, the Court assumes that he meant to name all four attorneys as defendants on all counts related to the attorneys.

4

court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (affirming the dismissal of a complaint based on claim preclusion).

In its motion, CoPart relies on claim splitting principles under Seventh Circuit law. But the "prior judgment is from an Illinois state court," so "Illinois preclusion principles apply." *Rose v. Bd. of Election Comm'rs for City of Chi.*, 815 F.3d 372, 374 (7th Cir. 2016). In Illinois, "[t]he doctrine of res judicata [otherwise known as claim preclusion] provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *A & R Janitorial v. Pepper Constr. Co.*, 2018 IL 123220, ¶ 16, 124 N.E.3d 962, 966.

Under Illinois law, claim preclusion has three requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008). "[A]n aspect of the law of preclusion" is the "rule against claim-splitting," which generally "prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 340, 665 N.E.2d 1199, 1206 (1996). "This rule is founded on the premise that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of lawsuits." *Id.* at 340, 665 N.E.2d at 1207. Thus claim preclusion, including the rule against claim splitting, "bars not only what was actually decided in the first action but also those matters that could have been decided" in the first case unless certain exceptions apply. *A & R Janitorial*, 2018 IL 123220 at

¶ 16, 124 N.E.3d at 966. All of the requirements for claim preclusion are satisfied in this case.

**A.     Final judgment on the merits**

First, it is undisputed that the Circuit Court of Cook County is a court of competent jurisdiction. Allison argues, however, that the Circuit Court of Cook County did not issue a final judgment on the merits in any of his cases. He contends that "all state court dismissals including the August 13, 2025 order[2] were procedural, entered for want of prosecution, administrative delays, and [his] inability to participate due to extraordinary hardship; none were substantive determinations on the merits against Copart." Pl.'s Resp. at 4-5. CoPart responds that claim splitting does not require a final judgment on the merits.

Under Illinois law, a final judgment on the merits is required for claim preclusion, including the rule against claim splitting, to bar a subsequent proceeding. *Hudson*, 228 Ill. 2d at 467, 889 N.E.2d at 213. "[A]n order dismissing a complaint with prejudice is a final, appealable order." *A & R Janitorial*, 2018 IL 123220 at ¶ 17, 124 N.E.3d at 967; *see also* Ill. S. Ct. R. 273 ("Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.").

The May 8, 2025 order stated that the counts Allison asserted against State Farm were dismissed with prejudice. Def.'s Mot., Ex. 4 at 1. The order also expressly

---

[2] Allison did not file any August 13, 2025 order with his response. The Circuit Court of Cook County's order dismissing Allison's claims against State Farm with prejudice is dated May 8, 2025. Def.'s Mot., Ex. D.

stated that it was "final and appealable." *Id.* The Court concludes that the Circuit Court of Cook County's order dismissing Allison's claims against State Farm with prejudice on May 8, 2025 was a final judgment on the merits.

**B.     Identity of cause of action**

Next, CoPart argues that the allegations in this case mirror the same facts and causes of action that Allison repeatedly litigated in state court, including in his final lawsuit against State Farm that was dismissed with prejudice. Allison does not dispute this argument.

Whether the causes of action are identical turns on whether "they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Squires-Cannon v. Forest Preserve Dist. of Cook Cnty.*, 897 F.3d 797, 804 n.4 (7th Cir. 2018) (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311, 703 N.E.2d 883, 893 (1998)); *Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 219, 946 N.E.2d 1123, 1131 (2011) ("Separate claims are considered the same cause of action under *res judicata* if they arise from a single group of operative facts."). Allison's state and federal actions arise from substantively identical facts related to the defendants' alleged actions after his July 2022 car accident. *See, e.g.*, *River Park, Inc.*, 184 Ill. 2d at 314, 703 N.E.2d at 894 (a "telling indication of identity of cause of action" is "parallels between the factual allegations of [a plaintiff's] state complaint and [his] federal complaint"). The Court concludes that Allison's claims in this lawsuit "arise from a single group of operative facts" as the claims he asserted in the Circuit Court of Cook County that were ultimately dismissed with prejudice. *A & R Janitorial*, 2018 IL 123220 at ¶ 18, 124 N.E.3d at 967.

7

**C.     Identity of parties**

Third, CoPart argues that it was named in one of Allison's state court complaints and it is in privity with State Farm for the cases where it was not a named defendant. Allison responds that CoPart was not a defendant in any of his state court cases[3] and was "referenced only as background, not as a litigant or subject of adjudication." Pl.'s Resp. at 4.

Claim preclusion bars claims against newly named defendants only if the new defendants are in privity with a defendant named in a prior action that resulted in a final judgment on the merits. *Agolf, LLC,* 409 Ill. App. 3d at 220, 946 N.E.2d at 1132. The relevant final judgment on the merits in this case is the final state court complaint Allison filed against State Farm, discussed above. Thus the Court must determine whether CoPart was in privity with State Farm in that case.

Illinois courts have recognized "three general categories of relationships that may establish privity: (1) relationships that are 'explicitly representative' (*e.g.,* trustee, class representative designated by a court); (2) 'substantive legal relationships [in which one party to] the relationship is treated as having the capacity to bind the other to a judgment in an action to which the latter is not a party' (*e.g.,* co-obligors, parties who are vicariously liable for one another, bailees and bailors, co-owners of property, assignees and assignors, the promisee and intended beneficiary of a contract, corporations and their officers, directors and shareholders, and members of partnerships); and (3) 'successors in interest to property.'" *Oshana v. FCL Builders, Inc.*, 2013 IL App (1st)

---

[3] Allison did name CoPart in his third state court complaint, but that complaint was dismissed without prejudice for want of prosecution. Def.'s Mot., Ex. C.

8

120851, ¶ 28, 994 N.E.2d 77, 85 (quoting Restatement (Second) of Judgments § 75, cmt. at 210 (1982)).

A comparison of Allison's allegations in the previous state court complaint and the current complaint shows that CoPart and State Farm had identical legal interests in the state court case. For example, in the state court complaint Allison alleged that he "never provided the requested power of attorney" or ever granted any "authorization or consent" to State Farm related to the vehicle. Def.'s Mot., Ex. D at ¶ 19. Allison now alleges he "made no agreement to surrender the title or authorize State Farm or CoPart to dispose of the vehicle." Comp., ¶ 7. He also previously alleged that "State Farm has maintained possession of the vehicle since the date of the collision and has refused to release it or any interest in it back to [Allison] despite multiple requests." Def.'s Mot., Ex. D at ¶ 14. Now, Allison alleges that "State Farm and CoPart ultimately declared the vehicle a total loss without [Allison's] consent, processed title transfer, and moved the vehicle into CoPart's possession where it was either sold, destroyed, or rendered unrecoverable." Comp., ¶ 8. Thus there was no substantive difference in State Farm's and CoPart's legal interests in Allison's complaint that was dismissed with prejudice on May 8, 2025; they are in privity.

**D.  Other defendants**

The same claim preclusion analysis applies to Allison's claims against State Farm, the attorney defendants, and the unknown State Farm agents. "Claim preclusion is an absolute bar to a later action between the same parties or their privies involving the same claim, demand, or cause of action." *Markou v. Equestrien Ests. Homeowners Ass'n*, No. 17 C 4917, 2018 WL 3022681, at *7 (N.D. Ill. June 18, 2018) (citing *Agolf,*

*LLC*, 409 Ill. App.3d at 217, 946 N.E.2d at 1130). And a court may invoke claim preclusion even when the defendants do not argue it. *Muhammad*, 547 F.3d at 878 (finding a court may independently invoke claim preclusion because the doctrine "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste") (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000))).

As discussed, the May 8, 2025 order dismissing Allison's state court complaint with prejudice is a final decision on the merits. Allison also asserts the same claims against State Farm, the attorney defendants, and the unknown State Farm agents with the exception of one: he makes an abuse of process claim against the attorney defendants. This is the only claim that the Court did not address above. In his fourth state court complaint, Allison alleged that State Farm's representatives misrepresented their authority and the status of his Jeep, leading him to believe that his interests were being appropriately handled. Def.'s Mot., Ex. 4 at ¶ 48. Allison's allegations in support of his abuse of process claim arise from this same set of operative facts. Comp., ¶¶ 43–51.

An identity of parties or their privies also exists for the defendants other than CoPart. State Farm was a defendant in Allison's state court complaint that was ultimately dismissed with prejudice. He now alleges that the attorney defendants and unknown agents acted on behalf of State Farm related to the allegations in both his state court complaint and his current complaint. Based on these allegations, the attorney defendants and the unknown State Farm agents had the same legal interests in Allison's state court case as State Farm. Thus the Court concludes that State Farm,

10

the attorney defendants and the unknown agents are in privity for purposes of Allison's state court complaint that was dismissed with prejudice on May 8, 2025.

**E.     Exceptions to claim splitting**

None of the recognized exceptions to the rule against claim splitting apply. Illinois courts recognize exceptions where a plaintiff omitted a claim "due to ignorance, mistake or fraud," but that is not the case here. See *Rein*, 172 Ill. 2d at 341, 665 N.E.2d at 1207. Illinois courts have also found that "it would be inequitable to apply" the rule against claim splitting where (1) there is an agreement between the parties or acquiescence by the defendant to claim splitting, (2) the court in the first case lacked subject-matter jurisdiction over the plaintiff's claim, (3) "the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme," (4) "the case involves a continuing or recurrent wrong," or (5) the plaintiff "clearly and convincingly" has shown "that the policies favoring preclusion of a second action are overcome for an extraordinary reason." *Id.* (citing Restatement (2nd) of Judgments § 26(1) (1980)).

The defendants have not agreed or acquiesced to claim splitting. And the state court did not dismiss Allison's claims for lack of jurisdiction, *cf. Nowak v. St. Rita High Sch.,* 197 Ill. 2d 381, 392–93 , 757 N.E.2d 471, 479 (2001), or issue a judgment that was "plainly inconsistent with the fair and equitable implementation of" any statutory or constitutional scheme, *see Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (describing the application of this exception). The only claim Allison asserts that arises under federal law is his civil RICO claim, but he could have brought that claim in state court. *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) (holding "that state courts have

11

concurrent jurisdiction to consider civil claims arising under RICO").  Allison's claims relate to a discrete incident, the July 2022 car accident, and the defendants' subsequent handling of his Jeep and possessions it contained; the claims do not involve a "continuing or recurrent wrong."

Allison argues that his lack of diligence in prosecuting the state court claims was due to personal circumstances and that he has discovered new evidence to support his claims.  Even if true, these challenges fail to "clearly and convincingly" show an "extraordinary reason" why claim preclusion should not apply.  *See Rein*, 172 Ill. 2d at 341, 665 N.E.2d at 1207; Restatement (2d) of Judgments § 26 (1982) (exception applies in matters including, for example, the "civil commitment of the mentally ill," "the custody of a child," or a divorce); *cf. Watson v. Raoul*, 2019 IL App (1st) 180477-U, ¶ 27 (extraordinary-reason exception applied where an otherwise-precluded lawsuit was the plaintiff's only means for establishing whether the state required him to register as a violent offender against youth and could prosecute him for his failure to do so).

Any contention by Allison that it is unfair to bar his claims is negated by the principles behind claim preclusion.  "The underlying policies of the doctrine are to promote judicial economy and to protect defendants from the burden of having to relitigate essentially the same claim."  *A & R Janitorial*, 2018 IL 123220 at ¶ 16, 124 N.E.3d at 966.  Allison may be without a remedy against the defendants at this point, but if so, it is a problem of his own making given his election not to prosecute the multiple lawsuits he filed in state court over the past three years.  *See River Park, Inc.*, 184 Ill. 2d at 317–19, 703 N.E.2d at 896–97.

In sum, the Court concludes that Allison's claims are barred by claim preclusion.

12

**Conclusion**

For the foregoing reasons, the Court grants CoPart's motion to dismiss [dkt. no. 13] and directs the Clerk to enter judgment dismissing stating: This case is dismissed with prejudice.

```
                              _____
                                    MATTHEW F. KENNELLY
                                    United States District Judge
```

Date: December 15, 2025